# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LOWELL B. LAY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 05-377-RAW-KEW** |
| ) | |
| **MIKE MULLIN, Warden,** ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges the Oklahoma Department of Corrections has failed to correctly reclassify his criminal offense and to award all the earned credits he should have received since June 29, 2004. Petitioner asserts that on March 21, 2000, he was charged with Injury to a Minor Child in Tulsa County District Court Case No. CF-2000-1607. On July 13, 2001, he pleaded guilty to the crime and was sentenced to a 5-year suspended term. On June 29, 2004, his suspended sentence was revoked for a term of 3 years and 11 months, with credit for time served.

Petitioner alleges that when he committed his crime in March 2000, the offense was not an enumerated offense under Okla. Stat. tit. 21, § 13.1. Section 13.1 sets forth the "85% Rule" requiring persons convicted of certain enumerated offenses to serve not less than 85% of their sentences before being eligible for parole consideration. He contends that when his suspended sentence was revoked, however, the amended statute erroneously was applied to his sentence.

Petitioner filed a petition for a writ of mandamus in the Muskogee County District

Court, raising his claim that Okla. Stat. tit. 21, § 13.1, was being retroactively applied to him. The state district court found that § 13.1 was amended to include petitioner's offense, effective November 1, 2000, prior to petitioner's sentencing. *Lay v. Ward*, No. CV-05-02, slip op. at 1 (Muskogee County Dist. Ct. Mar. 1, 2005). Further, "[t]he amendment did not change the substantive law or the penalty for the crime, only the manner in which the Department of Correction's [sic] calculated the time applied to a sentence." *Id*.

Petitioner appealed the denial of his mandamus petition to the Oklahoma Court of Criminal Appeals, which declined jurisdiction and denied his request for a writ of mandamus. *Lay v. State*, No. MA-2005-300, slip op. at 3 (Okla. Crim. App. Apr. 8, 2005). The OCCA held that petitioner had not presented a sufficient record for the appellate court "to determine if he proved before the District Court that he was entitled to mandamus relief." *Id*. at 2 (citing Rule 10.6(B) of Section X of the *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2006)). Petitioner had not provided the OCCA with a copy of his Petition for Writ of Mandamus that was denied by the state district court, so "it [could not] be discerned . . . whether the District Court incorrectly refused to grant Petitioner's Petition and whether a writ of mandamus should [] issue to accord Petitioner relief." *Id*. (citing Rules 10.1(C)) and 10.5 of the *Rules of the Oklahoma Court of Criminal Appeals*).

Petitioner next filed a petition for a writ of mandamus in the OCCA, again attempting to appeal the decision of the state district court, but the action was dismissed as untimely. *Lay v. Ward*, No. MA-2005-427 (Okla. Crim. App. May 11, 2005). Petitioner had failed to comply with the requirement that an appeal be brought within thirty (30) days from the entry of the District Court's order. *Id*., slip op. at 1 (citing Rule 10.1(C)), *Rules of the Oklahoma Court of Criminal Appeals*, tit. 22, Ch. 18, App. (2004)).

2

Undeterred, petitioner filed a "Motion for Clarification, or in the Alternative, Motion for Order to Correct Prison Records" in his Tulsa County criminal case. *State v. Lay*, No. CF-2000-1607 (Tulsa County Dist. Ct. Feb. 15, 2006). He complained that DOC had erroneously refused to recognize his eligibility for earned credits under Okla. Stat. tit. 21, § 13.1, and he asked the court to clarify to the DOC that he was not subject to the 85% Rule. *Lay v. State*, No. MA-2006-280, slip op. at 1-2 (Okla. Crim. App. May 1, 2006). The Tulsa County District Court denied the motion, finding that petitioner's child abuse conviction was included in the version of § 13.1 that was in effect at the time of the offense. *Id.*, slip op. at 2.

Petitioner appealed to the OCCA, which found as follows:

> Petitioner cites no authority for bringing an appeal from an order that denies a motion such as that which Petitioner filed in the District Court. "Generally speaking, orders after a judgment has been entered are not appealable without express statutory authorization." *White v. Coleman*, 475 P.2d 404, 406 (Okla. Crim. App. 1970). "[I]t is to be remembered that appeal is a creature of statute and exists only when expressly authorized." *Id*.

*Lay v. State*, No. MA-2006-280, slip op. at 2. The OCCA, therefore, construed the attempted appeal as an original action for a writ of mandamus, declined jurisdiction, and dismissed the action for petitioner's failure to serve the adverse party, as required by Rule 10.3 of Section X of the *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2006)). *Id.*, slip op. at 3 (citing *McGuire v. State*, 947 P.2d 563, 564 (Okla. Crim. App. 1997)).

The respondent alleges petitioner's claim must be denied as procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

3

> federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A procedural bar is an independent state ground if it is the "exclusive basis for the state court's holding." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). A state's procedural default rule is "adequate," if it is firmly established, regularly followed, and evenhandedly applied. *Messer v. Roberts*, 74 F.3d 1009, 1015 (10th Cir. 1996). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753.

Petitioner's appeal from the Muskogee County District Court was denied for his failure to comply with Rule 10.6(B), and his mandamus action in the OCCA was denied for failure to comply with Rule 10.1(C). This court finds the OCCA's procedural requirements are independent and adequate state grounds barring federal habeas review. *See Coleman*, 501 U.S. at 750; *Hamm v. Saffle*, 300 F.3d 1213, 1216-17 (10th Cir. 2002) (holding that Rule 10.1(C) is an independent and adequate state ground). *See also Hammill v. Powers*, 164 P.3d 1083, 1085 n.2 (Okla. Crim. App. 2007) (citing *State ex rel. Worthen v. Walker*, 668 P.2d 1174, 1175 (Okla. Crim. App. 1983) (setting forth the petitioner's burden in a state mandamus action, pursuant to Rule 10.6(B)).

The OCCA subsequently refused to hear petitioner's appeal from Tulsa County, because such appeals are not authorized by statute, and the OCCA construed the attempted appeal as an original action for a writ of mandamus. *Lay*, No. MA-2006-280, slip op. at 2-3. In addition to the *White* case cited by the OCCA in petitioner's attempted appeal from Tulsa County, the OCCA repeatedly has held that a defendant's right to appeal comes from statute.

4

*See Knight v. Page*, 402 P.2d 922, 924 (Okla. Crim. App. 1965); *Lamb v. State*, 219 P.2d 256, 258 (Okla. Crim. App. 1950); *Stansbury v. State*, 146 P.2d 137, 138 (Okla. Crim. App. 1944). Therefore, the OCCA's refusal to hear appeals not authorized by statute was "firmly established and regularly followed" at the time petitioner attempted to appeal the Tulsa County District Court's denial of his motion. *See Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir.) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)), *cert. denied*, 525 U.S. 933 (1998).

The dismissal of the original mandamus action was also based on Rule 10.3 of Section X of the *Rules of the Oklahoma Court of Criminal Appeals*. Again, this court finds this procedural requirement is an independent and adequate state ground that bars federal habeas review. *See Coleman*, 501 U.S. at 750. *See also Duvall*, 139 F.3d at 797 (holding that even when a rule is not "'firmly established' in a technical sense under Oklahoma case law," because of a dearth of relevant published cases, it is, nevertheless, adequate because the rule "clearly require[d] compliance with such procedures.").

The court also finds petitioner has not shown cause for his procedural default. He contends he is untrained in the law and had to rely on the advice of an inmate law clerk. "The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young* , 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

5

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 403 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 3rd day of January 2008.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**